UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DANIEL SCOTT SURONEN,

      Petitioner,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS,

      Respondent.

Civil No. 10-4360 (DSD/LIB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2002, Petitioner pled guilty to Fourth Degree Criminal Sexual Conduct in a case brought against him in the state district court for Carver County, Minnesota. (Petition, p. (2), §§ 2, 4, 5(b).) Petitioner has not furnished a clear explanation of the sentence imposed in that case. His petition indicates that he was given only a five-year term of conditional release, running from June 16, 2007, until June 16, 2012. (Id., § 3.) However, Petitioner has not explained why that sentence did not go into effect until five years after he pled

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

guilty. Furthermore, it appears that Petitioner is now incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota, and he has not explained why he is currently in prison, even though he purportedly was sentenced only to a term of conditional release. To further complicate matters, Petitioner alleges that at some point he served an "initial 15 month sentence," (id., p. (5), § 12.A), which is also unexplained.

In any event, it is clear that Petitioner did not file a direct appeal challenging his conviction and sentence, and he has not applied for post-conviction relief in the state courts. (Id., p (2), § 8, p. p. (3), § 10.).

The present habeas corpus petition lists two claims for relief, which Petitioner has identified as follows:

"Ground one: Conviction obtained by a violation of protection against double jeopardy."

"Ground two: Conviction obtained by plea of guilty which was made without understanding of the nature of charge, consquence [sic] of plea."
(Id., pp. (5) - (6), § 12.)

However, neither of Petitioner's habeas corpus claims can be entertained at this time, because they have not been previously raised in, and adjudicated by, the Minnesota state courts.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies

2

requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). Thus, in order to exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

In this case, it clearly appears on the face of Petitioner's habeas corpus petition that none of his current claims for relief has ever been fairly presented to, or addressed by, the Minnesota Supreme Court. Indeed, it appears that none of Petitioner's current claims for

3

relief has ever been raised in any state court. Because Petitioner has not fairly presented his claims to the Minnesota state courts, he has not satisfied the exhaustion of state court remedies requirement.

Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq. The Court recognizes that Petitioner might be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims should have been raised before this late date. See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). However, based on the limited information furnished in Petitioner's current submissions, it is impossible to predict whether the Minnesota state courts might still be willing to address any of his constitutional challenges to his state criminal conviction and sentence. Moreover, it is preferable to have the Minnesota state courts, rather than the federal district court, decide which of Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court, and which claims (if any) are barred by the state's procedural rules.[2]

---

[2] Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or new evidence proving Petitioner's "actual innocence." Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

Thus, the Court will recommend that this action be summarily dismissed, because Petitioner has failed to satisfy the exhaustion of state court remedies requirement for any of the claims listed in his current petition. However, it will be recommended that the case be dismissed <u>without prejudice</u>, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims by filing a post-conviction motion in the trial court. Petitioner may return to federal court -- if necessary -- after the state courts, including the Minnesota Supreme Court, have reviewed, and <u>decided on the merits</u>, all of the claims that he seeks to raise in federal court. See <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993).[3]

Lastly, the Court notes that Petitioner has filed an application for leave to proceed <u>in forma pauperis</u>, ("IFP"), in this matter. (Docket No. 2.) Having determined that this action must be summarily dismissed because Petitioner has failed to exhaust his state court remedies, the Court will further recommend that Petitioner's pending IFP application be summarily denied. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per curiam</u>) (IFP application should be denied where

---

[3] It should be noted, however, that given the vintage of Petitioner's conviction, it is quite possible that his claims for relief might never be reviewable in a federal habeas corpus proceeding, because they might be barred by the one-year statute of limitations that applies to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled, (i.e., it stops running), while a prisoner is pursuing his state post-conviction remedies. 28 U.S.C. § 2244(d)(2). Here, however, it appears that the statute of limitations might have expired already, in which case the statutory tolling provision cannot help Petitioner. Based on the limited information Petitioner has submitted, the Court cannot presently determine, with certainty, whether or not the federal habeas statute of limitations has already expired. Thus, the Court is not presently recommending that this action be summarily dismissed due to untimeliness. It is perfectly clear, however, that Petitioner has not satisfied the exhaustion of state court remedies requirement, and for that reason, the present petition can be, and must be, summarily dismissed, without reaching the timeliness issue.

habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 1, 2010

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by November 15, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.